**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN VAZQUEZ, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES WARREN, et al., <br><br> Defendants. | Civil Action No. 21-19480 (KMW) <br><br> **MEMORANDUM OPINION** |

This matter comes before the Court on the motion to dismiss (ECF No. 31) filed by Defendants Wellpath, LLC, and Michael D'Antico. Plaintiff filed a response to the motion (ECF No. 47), to which the Wellpath Defendants replied. (ECF No. 50.) For the following reasons, that motion is denied.

In his amended complaint, Plaintiff alleges that he was transferred to the Hudson County Correctional Center in late June 2022. (ECF No. 19 at 15.) At the time of his transfer, Plaintiff was receiving various medications meant to treat him for addiction issues, as well as an inhaler used to treat his COPD and epilepsy medication. (*Id.* at 15-16.) Upon his arrival, Plaintiff was not provided with his addiction medication for a week despite requests to unspecified officers and medical staff, and had his rescue inhaler confiscated, as he was told he was required to call nursing staff for treatment if he had breathing issues. (*Id.*) Plaintiff alleges that he had multiple breathing problems per day, requested help, but was told that medical staff were busy multiple times. Plaintiff further alleges that his epilepsy medication was allowed to expire as there was a policy at the jail stating that medications would not be refilled until they were empty as a doctor's order was

necessary for refills. (*Id.*)  Finally, Plaintiff alleges that due to cost saving policies at the jail, a heart medication he had been prescribed was replaced with a less expensive generic medication. (*Id.* at 17.)  As a result of this medication switch, Plaintiff alleges he suffered water retention issues and had to be taken to a hospital for treatment. (*Id.*)  Plaintiff thereafter received the original medication following a prescription from a hospital doctor. (*Id.*)  Plaintiff alleges that Wellpath, through D'Antico and acting alongside Hudson County, had policy making authority as to medical treatment, and was responsible for these medical policies.

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and

2

plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

The Wellpath Defendants first argue in their motion that the claims against them in Plaintiff's amended complaint should be dismissed for failure to state a claim for which relief may be granted as they contend Plaintiff has failed to state a plausible *Monell* claim. Plaintiff's claims in this matter relate to Defendants' alleged deliberate indifference to Plaintiff's medical needs. In order to plead a claim for deliberate indifference to medical needs, Plaintiff must plead facts indicating that he had a sufficiently serious medical need, and that the defendants were each deliberately indifferent to that need. *See, e.g., Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). A defendant in a civil rights action, however, must have personal involvement in the alleged wrongs in order to be held liable as a defendant cannot be held liable solely on a *respondeat superior* basis. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). As a medical contractor such as Wellpath may not be held liable merely for employing or providing medical staff to the prison based on a *respondeat superior* theory of liability, a claim against such an entity may only proceed where the plaintiff pleads facts indicating that a policy, practice, or custom put into place by the contractor was the moving force behind the violation of his rights. *See, e.g., Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010); *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Natale*, 318 F.3d at 583-84. This generally requires the pleading of facts indicating that the contractor adopted a formal policy which gave rise to the violation, that there was a policy in place which could not have avoided violating the plaintiff's rights as alleged in the complaint, or by pleading facts showing that there was an obvious, clear, and affirmative need for the promulgation of a new policy to address deficiencies of the contractor's employees that, unaddressed, were so likely to cause a constitutional violation that the contractor's failure to adopt a corrective policy

3

can be said to amount to deliberate indifference. *Natale*, 318 F.3d at 584. A supervisory defendant may likewise be found liable where he puts into place a policy, practice, or custom which was the moving force behind the Plaintiff's injuries. *Chavarriaga*, 806 F.3d at 222-23.

Here, Plaintiff has pled that he suffers from a number of medical issues which were identified by medical staff as sufficiently serious – addiction issues, COPD, epilepsy, and a circulatory issue requiring heart medication. Plaintiff further alleges that, because of policies put into place by the Wellpath Defendants[1] – including a policy requiring medication be fully used before new medication will be ordered, a policy requiring the substitution of less expensive generic medication where possible, and a policy of not permitting inmates to keep rescue inhalers on their person but instead require them to seek aid through a nurse call when having issues – which led to staff being deliberately indifferent to Plaintiff's needs by ignoring calls for inhaler use, failing to timely order replacement medication requiring Plaintiff to go without, or changing his medication leading to hospitalization. Plaintiff has thus pled that policies, put into place by the Wellpath Defendants, led to jail staff being deliberately indifferent to his medical needs related to his epilepsy, COPD, addiction issues, and heart issues. These allegations are sufficient to state a claim for relief under *Monell* at the pleading stage, and the Wellpath Defendants' motion is denied as to its *Monell* argument.

In their final argument, the Wellpath Defendants contend that Plaintiff's amended complaint should be dismissed without prejudice pursuant to Rule 41(b) because counsel was

---

[1] Plaintiff identifies both D'Antico and Wellpath as having policymaking authority over Hudson County's medical providers, and a plausible inference from the pled facts suggests that they put these particular policies in place. While Plaintiff could have, and most likely should have, been clearer about his contention that D'Antico and Wellpath were responsible at least in part for these particular policies, the complaints allegations, given the benefit of reasonable inference, are sufficient to permit the inference that the Wellpath Defendants are responsible for the policies in question which Plaintiff alleges led to his medical issues at Hudson County.

4

ordered to file an amended complaint within thirty days upon counsel's appointment. (*See* ECF No. 14.) This Court, however, extended that time through May 3, 2024 in an order entered April 3, 2024, (*see* ECF No. 18), and Plaintiff filed his amended complaint on May 2, 2024. Although Plaintiff may not have met the timeline set in Judge Hillman's initial order, as Plaintiff did comply with this Court's April 3 order, this Court finds no basis to dismiss the amended complaint pursuant to Rule 41(b) at this time.[2] *See In re Asbestos Products Liability Litigation (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013) (Rule 41(b) dismissal for violation of scheduling orders is only warranted where the circumstances warrant in light of evidence of dilatoriness, bad faith or the like, and dismissal is a drastic sanction warranted only where lesser sanctions are insufficient). The Wellpath Defendants' motion is therefore denied.

Finally, the Court notes that two other groups of Defendants filed motions to dismiss as to Plaintiff's amended complaint in this matter. (*See* ECF Nos. 29, 33.) In a recent letter, Plaintiff's counsel informs the Court that the Plaintiff and the Defendants who filed these motions are "in the process of resolving the claims" involved in those motions, and that a partial settlement is forthcoming which "will likely moot" those two motions. (ECF No. 62.) In light of the apparent forthcoming settlement, and the fact that it will likely moot out the two remaining motions to dismiss, this Court will terminate the two remaining motions to dismiss (ECF Nos. 29, 33) at this time. Should the settlement talks ultimately fail to resolve the claims in question, or should any defendant believe that their motion has not been rendered moot following settlement, that defendant may request to have his motion reinstated by submitting a letter to the court.

---

[2] The Court does recognize that appointed counsel should have formally requested an extension of Judge Hillman's scheduling order long before April 2024, which was well after Judge Hillman's initial deadline expired. Although dismissal is not warranted at this time in light of this Court's April 2024 extension, the Court will be mindful of this delay should it become a pattern in this matter.

**IT IS THEREFORE** on this 21st day of October, 2024,

**ORDERED** that the Wellpath Defendants' motion to dismiss (ECF No. 31) is **DENIED**; and it is further

**ORDERED** the Clerk of the Court shall terminate the two remaining motions to dismiss (ECF Nos. 29, 33) pending the resolution of the ongoing settlement negotiations; and it is further

**ORDERED** that if, upon the conclusion of settlement discussions, any moving Defendant believes that a claim against him is still live and that his motion to dismiss should be reinstated, he may request that his motion be reinstated by submitting a letter to the Court; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the parties electronically.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge